UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RAHMAN MUHAMMAD,

    Plaintiff,

v.                                            05-CV-3121

OFFICER STEWART,
SERGEANT TURNQUIST,
NURSE ALDRIDGE and
WARDEN HULICK,

    Defendants.

## **Order**

Before the Court is Defendant Hulick's summary judgment motion (30), the plaintiff's motion to compel (d/e 41) and the plaintiff's motion to appoint counsel (d/e 44).

*Plaintiff's Allegations*

The plaintiff's right eye is missing. To prevent his empty eye socket from developing an infection, he must administer saline to the socket several times per day.

On November 20, 2003, the plaintiff was placed in segregation at Hill Correctional Center. The defendants ignored and refused his repeated pleas for his saline solution, despite that fact that he told them many times of the danger of infection without the saline.

By November 25, 2003, the plaintiff had developed a severe infection in his eye, caused by the defendants' refusal to permit him access to his saline solution. The plaintiff filed an emergency grievance on November 25, 2003, which is attached to his Complaint as Exhibit A.

On November 26, 2006, defendant Hulick apparently checked the box that an emergency was not substantiated and that the plaintiff should submit the grievance in the normal manner. (Complaint, Ex. A). However, it appears that Hulick also wrote "not emergent however I want him seen as soon as possible." [partially illegible, so the Court is guessing as to part of this sentence]. (The Court says "appears" because the signature is illegible.) That day, a nurse practitioner examined the plaintiff and immediately admitted him to the healthcare unit, where he received antibiotics and ointment.

*Hulick's Amended Motion for Summary Judgment (d/e 30)*

Defendant Hulick's motion is not accompanied by his affidavit or any other evidentiary

support. The motion relies on plaintiff's allegations and exhibit A attached to the Complaint (the emergency grievance). The motion is really one for judgment on the pleadings, Fed. R. Civ. P. 12(c), because it argues that the Complaint and the exhibit show that no claim can be stated against Hulick.

Hulick advances that his decision that the grievance was not an emergency "does not equate to a deliberate or reckless disregard for the Plaintiff's constitutional rights." He also advances that the "alleged constitutional violations had ended or ended shortly after [he] became aware of the situation."

There is insufficient factual evidence at this point to rule out Hulick's deliberate indifference. For example, when did Hulick receive the emergency grievance? What did he do upon receipt? What action did he take to determine whether or not the grievance was an emergency? On what did he base that decision? What, if anything, did Hulick do after denying the grievance's emergency status to ensure that the plaintiff was seen by medical staff?

As to when the alleged constitutional violations ended, no factual information on that is in the record either. Hulick did not deny the grievance as moot; he denied it as non-emergent. If the plaintiff was already in HCU by the time Hulick received the grievance, then the Court agrees it would be difficult to prove Hulick's handling of the grievance caused any damage. Similarly, if Hulick's responded to the grievance upon receipt, and his response caused the plaintiff to be seen by the nurse that same day, it is hard to see how Hulick could be found deliberately indifferent. Those are still "ifs" on this nascent record. Accordingly, Hulick's motion is premature and unsupported. Hulick may renew his arguments in a well supported summary judgment motion.

*Plaintiff's Motion to Compel (41)*

The plaintiff seeks "any and all grievances, complaints or other documents received by the defendants or their agents at Hill Correctional Center concerning mistreatment of inmates, violations of constitutional rights (via gross deliberate indifference) denial of medical needs, harassment, denial of medical treatment, interference/delay of medical treatment by defendants Stewart, Turnquist, Aldridge and Hulick, also any memoranda, investigative files or other documents created in response to such documents from the start of their employment at Hill Correctional Center until the date of their response." (d/e 42). The plaintiff believes this evidence will show a pattern of unprofessional conduct by the defendants that will support a finding of their misconduct in his case.

The Court agrees with the defendants that this information is not relevant to the plaintiff's claims, nor is it likely to lead to relevant, admissible evidence. The defendants' misconduct in other situations involving other inmates would not be admissible to prove misconduct toward the plaintiff in his situation. Such information would be excludable as irrelevant under Fed. R. Evid. 402, or under Fed. R. Evid. 403 on the grounds of undue prejudice, confusion, and waste of time, or under Fed. R. Evid. 404(b)(evidence of other wrongs not admissible to prove character of a person in order to show action in conformity therewith). How the defendants treat other inmates

in other situations does not show how they treated the plaintiff. Additionally, to allow such evidence would result in infinite "trials within a trial." Lastly, the court agrees with the defendants that the burden and expense of producing this discovery outweighs any possible minimal benefit it might give to the plaintiff. Plaintiff's motion to compel will therefore be denied.

*Plaintiff's Motion to Appoint Counsel (d/e 44)*

"There is no constitutional or for that matter statutory right to counsel in federal civil cases-only a statute that authorizes the district judge to request, but not to compel, . . . , a lawyer to represent an indigent civil litigant." *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)(citations omitted); 28 U.S.C. § 1915(e)(1).

The question in determining whether counsel should be requested is: "'Given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)(brackets in *Zarnes*), quoting *Farmer*, 990 F.2d at 322 (7th Cir. 1993). "Although a good lawyer may [do better than a pro se plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997), *quoting Farmer*, 990 F.2d at 322.

The plaintiff appears competent to proceed pro se, given the relatively straightforward nature of the case. His filings display a literate command of language and an understanding of his case. His claim of deliberate indifference to serious medical needs might be established without expert testimony. *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997). He should have access to the doctor's orders that he have saline solution. Additionally, the plaintiff's medical need for that solution is arguably obvious, even to a layperson. The plaintiff can also testify personally to what he told the defendants, what he asked them for, how they responded, what happened to his eye as a result, and the pain, suffering and physical injury he experienced. The plaintiff's motion will accordingly be denied.

IT IS THEREFORE ORDERED:

1) Defendant Hulick's original motion for summary judgment is denied as moot (d/e 21). The original was replaced by an amended motion for summary judgment.

2) Defendant Hulick's amended motion for summary judgment is denied (d/e 30).

3) The plaintiff's motion to compel is denied (d/e 41).

4) The plaintiff's motion to appoint counsel is denied (d/e 44).
5) The plaintiff's motion for an extension is granted (d/e 46), but only to the extent he sought an extension to serve his third set of interrogatories on the defendants. It appears that he has already served those interrogatories, obviating the need for

3

    further extension.  (Def. Objections, d/e 48).

6)     The defendants are directed to respond to the plaintiff's third set of interrogatories within 30 days of the entry of this order.

7)     Sua sponte, the summary judgment deadline is extended to October 12, 2006.

6)     Due to a calendar conflict, the jury trial is rescheduled to April 18, 2007 at 9:00 a.m., before the Court in Urbana, Illinois, 201 S. Vine Street.  The proposed final pretrial order is due March 6, 2007.

Entered this 23rd Day of August, 2006.

                                                **s\Harold A. Baker**

                                                HAROLD A. BAKER
                                        UNITED STATES DISTRICT JUDGE